I9LAAMIRP                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                              16 CR 272 (OTW)

JOSHUA MIRABAL,

          Defendant.

------------------------------x

                            New York, N.Y.
                            September 21, 2018
                            10:45 a.m.

Before:

                  HON. ONA T. WANG,

                        Magistrate Judge

                    APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
MAURENE COMEY
    Assistant United States Attorney

ANDREW PATEL
    Attorney for Defendant Mirabal

MITCHEL DINNERSTEIN
    Attorney for Defendant Mirabal

I9LAAMIRP                    Plea

(Case called)

MS. COMEY:  Good morning, your Honor.

Maureen Comey, for the government.  Joining me at counsel table is NYPD Detective William Dunne.

THE COURT:  Good morning.

MR. PATEL:  Good morning, judge.

Andrew Patel and Mitchel Dinnerstein, for Mr. Mirabal.

THE COURT:  Good morning.  Please be seated.

Good morning, Mr. Mirabal.

I am Magistrate Judge Wang.  I understand you're able to speak and understand English.

THE DEFENDANT:  Yes, ma'am.

THE COURT:  I have before me a Consent to Proceed Before a United States Magistrate Judge on a Felony Plea Allocution that you have signed.  What this form says is that knowing that you have a right to have this plea taken about a United states District Judge you are agree to have the plea taken by a United States Magistrate Judge.

As a magistrate judge I have the authority to take your plea with your consent and you will still be entitled to all of the same rights and protections as if you were before a district judge.  Among other things, if you are found guilty you will be sentenced by a district judge.

Did you sign the Consent to Proceed Before a United States Magistrate Judge voluntarily?

I9LAAMIRP                    Plea

THE DEFENDANT:  Yes.

THE COURT:  Before you signed the form, did your lawyer explain it to you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you wish to proceed with your plea before a United States magistrate judge?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  OK.  Your consent is accepted.

The purpose of this proceeding is to make sure that you understand your rights to decide whether you're pleading guilty of your own free will and to make sure you're pleading guilty because you are guilty and not for some other reason.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If at any time you don't understand any of my questions or if you want to consult with your attorney just say so because it is important that you understand every question before you answer.

Before I take your plea I must ask you a series of questions and therefore, I need to place you under oath. Please raise your right hand.

Do you swear or affirm that the answers that you will give to my questions will be the truth, the whole truth and nothing but the truth?

THE DEFENDANT:  Yes, your Honor.

I9LAAMIRP                        Plea

THE COURT:  Mr. Mirabal, do you understand that any statements you make here today under oath may be used against you in a prosecution for perjury or for making false statements if you do not tell the truth?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right.  I have before me also a waiver of indictment.  Did you sign this waiver of indictment?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before you signed it, did you discuss it with your attorney?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand what you were doing?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that you're under no obligation to waive indictment?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if you do not waive indictment and if the government wants to prosecute you they would have to present this case to a grand jury which may or may not indict you?

THE DEFENDANT:  Yes.

THE COURT:  Do you realize that by signing this waiver of indictment you have given up your right to have this case presented to a grand jury?

THE DEFENDANT:  Yes.

I9LAAMIRP                    Plea

THE COURT:  Do you understand what a grand jury is?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you seen a copy of the superseding information?

THE DEFENDANT:  Yes.

THE COURT:  Do you waive its public reading?

THE DEFENDANT:  Yes.

THE COURT:  How do you plead to the information, guilty or not guilty?

THE DEFENDANT:  Guilty, your Honor.

THE COURT:  All right.  Please tell me your full name.

THE DEFENDANT:  Joshua Antonio Mirabal.

THE COURT:  What is your age?

THE DEFENDANT:  32.

THE COURT:  Are you a citizen of the United States?

THE DEFENDANT:  Yes.

THE COURT:  You are able to read and write in English?

THE DEFENDANT:  Yes.

THE COURT:  How far did you go in school?

THE DEFENDANT:  College.

THE COURT:  Did you finish college?

THE DEFENDANT:  No.

THE COURT:  Are you now or have you recently been under the care of a doctor or a psychiatrist for any reason?

THE DEFENDANT:  No, ma'am.

I9LAAMIRP                    Plea

THE COURT:  Sorry.

THE DEFENDANT:  No.

THE COURT:  Have you been treated recently for any mental illness or addiction of narcotics drugs of any kind?

THE DEFENDANT:  No.

THE COURT:  As you sit here today, are you under the influence of any mind-altering drug or any alcoholic drink?

THE DEFENDANT:  No.

THE COURT:  Are you on any medication?

THE DEFENDANT:  Nope.

THE COURT:  Have you been able to understand everything that I have said to you so far?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you feel all right today?

THE DEFENDANT:  Yes.

THE COURT:  Have you seen a copy of the information in this case?

THE DEFENDANT:  Yes.

THE COURT:  And have you read it?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand what it says you did?

THE DEFENDANT:  Yes.

THE COURT:  Have you had a chance to discuss the charges and how you wish to plead with your attorney?

THE DEFENDANT:  Yes, your Honor.

I9LAAMIRP                    Plea

THE COURT:  Are you satisfied with your attorney's representation of you?

THE DEFENDANT:  Yes.

THE COURT:  Have you had a full opportunity to discuss this case with him?

THE DEFENDANT:  Yes.

THE COURT:  Has he told you the consequences of pleading guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you ready to enter a plea?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Count One of the information charges you with distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. 841 (A)(1)(A) and (B)(1)(C).

Count Two of the information charges you with conspiring to distribute and possess with intent to distribute crack cocaine, cocaine, heroin and marijuana in violation of 18 U.S.C. 371.

How do you wish to plead, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  With respect to the count charging you with distributing and possessing with intent to distribute cocaine, I want you to understand that the maximum penalty is a prison term of 20 years, a maximum term of supervised release of life, with a mandatory minimum term of supervised release of

I9LAAMIRP                    Plea

five years, a fine of as much as one million dollars or twice what was made by the criminal activity or twice what someone other than yourself lost because of the criminal activity, and a mandatory special assessment of $100.

MS. COMEY:  Your Honor, I apologize.

The mandatory minimum term of supervised release is three years.  I believe you may have misspoken and said "five years".

THE COURT:  Oh, I'm sorry.  Yes, I did.

The mandatory minimum term of supervised release is three years.

There's a fine of the as much as one million dollars or twice what was made by the criminal activity or twice what someone other than yourself lost due to the criminal activity and a mandatory special assessment of $100.  In addition, the Court could order you to pay restitution to any victims.

With respect to the second count that charges you with conspiring to distribute and possess with intent to distribute crack cocaine, cocaine, heroin and marijuana, I want you to understand that the maximum minimum is a prison term of five years, a maximum term of supervised release of three years, a fine of as much as $250,000 or twice what was made by the criminal activity or twice what someone other than yourself lost because of the criminal activity, a mandatory special assessment of and a mandatory $100 special assessment.  In

I9LAAMIRP                    Plea

addition, the Court could order you to pay restitution to the victims.  The total maximum term of imprisonment is 25 years.

Do you understand these are maximum penalties that I've just described to you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And if the prison terms on these charges ran consecutively you would face a prison sentence of 25 years in prison.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that if as part of your sentence you were placed on a term of supervised release and you then violated any of the conditions of that release you could face an additional term of imprisonment?

THE DEFENDANT:  Yes.

THE COURT:  The district judge can revoke the term of release previously imposed and return you to prison without giving you any credit for time previously served on post release supervision.

If you are not a United States citizen do you understand that your guilty plea may result in your being removed from the United States, denied citizenship and denied admission to the United States in the future --

THE DEFENDANT:  Yes, your Honor.

THE COURT:  -- if you were not a United States citizen.

I9LAAMIRP                    Plea

Do you understand that you are bound by your guilty plea regardless of the immigration consequences of your plea and regardless of any advice you have received from your counsel or others regarding those consequences?

THE DEFENDANT:  Yes.

THE COURT:  Have you specifically discussed the immigration consequences with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  I am now going to explain certain Constitutional rights that you have.  These are rights that you will be giving up if you enter a guilty plea.  Please listen carefully to what I am about to say and if you do not understand something, stop me or your attorney and I will explain the issue more fully.

Do you understand that you have a right to plead not guilty or having plead to persist in that plea to the charge and a right and a speedy public jury trial if you wish?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you know that if you plead not guilty and go to trial you would be presumed innocent and the burden would be on the government to prove your guilt beyond a reasonable doubt?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  This means that you would not have to prove you were innocent and you could not be convicted unless a

I9LAAMIRP                        Plea

jury of 12 people unanimously agreed that you were guilty

beyond a reasonable doubt.

Do you understand that you would be entitled to be

represented by an attorney at all stages at trial and at every

other stage of the proceedings and if you could not afford to

hire one, the Court would provide an attorney to you for free?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that at such a trial you

would be entitled to confront and cross examine any witnesses

called by the government to testify against you, that you would

be entitled to testify on your own behalf that you could call

witnesses and present evidence and that the Court would issue

subpoenas at your request to compel witnesses to appear and

testify in your defense even if they didn't want to come?

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that at a trial you

would not be required to testify against yourself?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And if you chose not to testify that could

not be used against you.  Do you understand that if you were

convicted at a trial you have a right to appeal that verdict to

a higher court?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that if you entered a

I9LAAMIRP                    Plea

guilty plea you give up all of these rights, including your right to a trial, that you will not be able to withdraw that plea and that the only remaining step in this case will be the sentencing?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that the decision as to the appropriate sentence in your case will be entirely up to the sentencing judge and that he will be limited only by what the law requires?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that even if you're surprised or disappointed by your sentence you will still be bund by your guilty plea?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Finally, if you do plead guilty you are also giving up the right not to incriminate yourself and I will ask you questions about what you did in order to satisfy myself that you are actually guilty.  By pleading guilty you will be admitting your factual, as well as legal guilt.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Knowing all of this, do you still wish to plead guilty to Counts One and Two of the information?

THE DEFENDANT:  Yes.

THE COURT:  Have any force or threats been used,

I9LAAMIRP                    Plea

either direct or indirect to influence how you plead today?

THE DEFENDANT:  No, your Honor.

THE COURT:  I have before me an original plea agreement in the letter dated September 11, 2018, from the United States Attorney to your attorney containing a plea agreement.

Have you read this letter?

THE DEFENDANT:  Yes.

THE COURT:  Did you sign it on the last page?

THE DEFENDANT:  Yes.

THE COURT:  Before you signed it, did you discuss it with your attorney?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did he explain to you all of its terms and conditions?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Apart from what is contained in the letter, have any promises been made to you in order to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  In reviewing the plea agreement I note that it contains an analysis of how part of our law of sentencing known as the "sentencing guidelines" may impact on any prison term in your case.  Based on that analysis, the agreement states that the guidelines sentencing range normally

I9LAAMIRP                    Plea

would be calculated to be expected to be from 360 months to life, but because the statutory maximum is 300 months or 25 years, that becomes your guidelines sentence.

The plea agreement also indicates that you have agreed to waive any statute of limitations defense as to Count One.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the sentencing judge is not bound by the calculation in the letter and that he will be free to do his own calculation which my result in a guideline range that is different from the one in the letter?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that no matter what sentencing range the sentencing judge believes is called for by the guidelines, that range is just one of many factors the judge will consider in determining your sentence and that the judge has discretion to give you a prison sentence below or above the range anywhere up to the maximum sentence of imprisonment of 25 years?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that under the terms of this plea agreement if the judge sentences you to a prison term that is 300 months or 25 years or less, you're giving up your right to appeal that sentence or to challenge it in any other way such as through a writ of habeas corpus?

I9LAAMIRP                    Plea

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Also, do you understand that the plea agreement says that you cannot appeal any fine of $1,250,000 or less or that you cannot appeal any lawful sentence of supervised release?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that in this letter you are giving up your right to complain if the government withheld evidence from your attorney that would have been helpful to you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is your plea voluntary?  That is, made of your own free will?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have any threats been made to influence how you plead today?

THE DEFENDANT:  No.

THE COURT:  Did you in fact commit the offenses that are charged in Counts One and Two of the information?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before I ask you to tell me what you did I will ask the government to summarize the elements of the offenses and to tell me what evidence they would have offered at trial.

MS. COMEY:  Thank you, your Honor.

I9LAAMIRP                      Plea

As to Count One, at trial the government would have been required to prove beyond a reasonable doubt the following three elements:

First, that the defendant possessed or distributed a controlled substance. Here, that's cocaine.

Second, that the defendant did so knowingly.

Third, that the defendant had a specific intent to distribute that controlled substance.

As to Count Two, the government would have to move the following three elements beyond a reasonable doubt at a trial:

First, that two are more persons entered the unlawful agreement charged in the information. Here, that is an unlawful agreement to distribute and possess with intent to distribute crack cocaine, cocaine, heroin and marijuana.

Second, that the defendant knowingly and willingly became a member of that conspiracy.

Third, that one of the members of the conspiracy knowingly committed at least one overt act to further the conspiracy. Here, the overt act listed in the information is that the defendant distributed cocaine in or about the summer of 2005.

As to both counts the government would also be required to demonstrate by a preponderance of the evidence that venue is proper in the Southern District of New York.

Additionally, the defendant has agreed as part of his

I9LAAMIRP                    Plea

plea agreement that he will allocute as part of Count Two that a furtherance of the conspiracy to distribute controlled substances on are about July 30, 2005, he participated in the murder of Philip Diaz.

At a trial the government would expect to prove that between in or about 2001 and in or about 2016, the defendant agreed with others to sell cocaine, crack cocaine, heroin and marijuana all in and around the area of East Harlem in Manhattan, New York.

As part of that agreement the defendant personally distributed cocaine on multiple occasions including on at least one occasion in or about the summer of 2005.

Also a part of his participation in this conspiracy on July 30, 2005, the defendant and co-conspirators participated in a shooting that targeted a rival drug dealer.  That shooting took place near the intersection of First Avenue and 101 Street in Manhattan.

During that shooting the defendant fired a gun and at least one of the bullets fired by either the defendant or one of his conspirators struck Philip Diaz, who was standing near the target of that shooting ultimately resulting in his death.

The evidence would consist of, among other things, testimony from cooperating and lay witnesses, ballistics evidence, autopsy report and photographs, crime scene photographs, video of a co-conspirator of the defendant selling

I9LAAMIRP                    Plea

the murder weapon shortly after the murder, the murder weapon itself and law enforcement testimony.

THE COURT:  Mr. Mirabal, please tell me in your own words what you did that makes you guilty of the charges.

THE DEFENDANT:  Well, your Honor, I am guilty of -- I agreed with others to distribute crack cocaine, heroin and marijuana in Manhattan and elsewhere from 2001 to 2016.  During this agreement in 2005, I distributed cocaine on July 30, 2005 near the intersection of 101 Street and First Avenue in Manhattan.  I participated in a shootout with other people during which Philip Diaz's life was taken.  At the time I did these things I knew it was wrong and against the law.

THE COURT:  Mr. Mirabal, I noticed that you were reading from a statement.  It's entirely appropriate and I'm sure you and your attorney wanted to make sure that your statements were exact and correct.  I want to ask you again, you really did those things you just told me about?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Are there additional questions that you need me to ask for the allocution?

MS. COMEY:  I believe the allocution is sufficient, your Honor.

THE COURT:  OK.  Thank you.

Does the government represent that it has sufficient evidence to establish Mr. Mirabal's guilt beyond a reasonable

I9LAAMIRP                    Plea

doubt?

MS. COMEY:  Yes, your Honor.

THE COURT:  Mr. Patel, do you know of any defense that would prevail at trial or any reason why your client should not be permitted to plead guilty?

MS. COMEY:  No, your Honor.

THE COURT:  Does counsel have any doubt as to Mr. Mirabal's competence to plead at this time?

MR. PATEL:  Not at all, your Honor.

THE COURT:  I'm confirming that the venue in the Southern District of New York is satisfied because Mr. Mirabal allocuted to acts occurring in Manhattan and specifically at the intersection of First Avenue and 101 Street.

MR. PATEL:  Yes, your Honor.

THE COURT:  Mr. Mirabal, did you know that what you were doing was against the law?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Are there any further questions either side wants me to ask?

MS. COMEY:  No.  Thank you, your Honor.

MR. PATEL:  No.  Thank you, your Honor.

THE COURT:  Is there any reason why I should not recommend the district judge accept this plea?

MS. COMEY:  No, your Honor.

MR. PATEL:  No, your Honor.

I9LAAMIRP                      Plea

THE COURT:  Mr. Mirabal, do you have family members here in the gallery today?

THE DEFENDANT:  My family no longer lives in New York City but my girlfriend lives in New York City.  She's here.

THE COURT:  What's your name?

UNIDENTIFIED FEMALE:  Crystal.

THE COURT:  OK.  I see you.  Thank you for being here in support.

MS. COMEY:  Your Honor, may I also note for the record that two of the victim's family members are also in the courtroom.

THE COURT:  Thank you.

And your names are?

MS. RODRIGUEZ:  Inda Rodriguez.

MS. SANTIAGO:  Gina Santiago.

THE COURT:  Thank you for being here and I see you too.

It is important for the record to note especially when the plea is being taken by a magistrate judge and the district judge who will be doing the sentencing.

On the basis of the defendant's responses to my questions and my observations of his demeanor, I find that he is fully competent to enter an informed plea at this time.  I also conclude that he understands the nature of the charges and the consequences of his plea.

I9LAAMIRP                          Plea

Finally, I am satisfied that his plea is voluntary and that is a factual basis for it. Accordingly, I recommend that the proffered plea to Counts One and Two of the information be accepted.

I assume the government will order a copy of the transcript and will submit it to Judge Marrero together with any additional paperwork so that he may act on my recommendation. A presentence recommendation report is ordered.

I understand that there is a control date to be set; is that right?

MS. COMEY: Yes, your Honor. We would ask that your Honor set a control date.

THE COURT: OK. December 21, is that all right with counsel?

MR. PATEL: As a control date, your Honor?

THE COURT: As a control date, not a sentencing date.

MS. COMEY: Yes, your Honor. Thank you.

THE COURT: OK. Control date of December 21 is set.

The prosecution case summary for purposes of the presentence report is delivered to the probation department no later than 14 days from today.

Mr. Patel, you should make yourself available to be interviewed by the probation department with your client no later than 14 days from today.

I9LAAMIRP                    Plea

Is there anything further on this matter from either side?

MS. COMEY:  Not from the government, your Honor.

Thank you.

MR. PATEL:  Nothing further.

Thank you very much, your Honor.

THE COURT:  Thank you.

(Adjourned)